IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SPENCER VIOLA,

    Plaintiff,

v.                                                         Civil Action No.1:13-CV-1004

HOME DEPOT USA, INC.,

    Defendant.

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), who files this it's Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.    Home Depot is the Defendant in a civil action pending in the Second Judicial District Court of Bernalillo County, State of New Mexico entitled *Spencer Viola vs. Home Depot USA, Inc and Nick Herrera;* Case No. D-202-CV-2013-06830 (hereinafter referred to as the "State Court Action").  An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

## AMOUNT IN CONTROVERSY

2.    The State Court Action was filed on August 22, 2013.  Home Depot was served with Plaintiff's Complaint for Damages for Personal Injuries (the "Complaint") on September 4, 2013.  The Plaintiff's Complaint did not specify the amount of damages sought by Plaintiff, nor the nature or severity of Plaintiff's alleged injuries.  The Plaintiff's Complaint merely stated that Plaintiff Spencer Viola was walking around the sales floor of a Home Depot store in Albuquerque when he tripped on a display and fell violently to the concrete floor, causing severe injuries.  The Complaint

1

further stated that Plaintiff Spencer Viola "has required medical treatment, and will bear future medical expenses…[and] has also experienced both pain and suffering, and has suffered interference with her[sic] daily activities, physical abilities, recreational pursuits, and home life, all of which has caused a loss of enjoyment of life."

3. On October 4, 2013, Plaintiff's counsel served upon counsel for Home Depot a letter that purported to outline the events of the incident along with a summary of Plaintiff Spencer Viola's injuries. The letter states that Spencer Viola has incurred $86,550.94 in past medical expenses. It states that Plaintiff Spencer Viola has undergone two separate right shoulder surgeries, one of which was an open reduction of a fractured right humerous with a large displaced fragment, and the other for hardware removal secondary to a post-surgery infection of the arm. The letter states that Plaintiff Spencer Viola sustained a 12 inch scar from the surgeries and now suffers from permanent loss of range of motion of the right arm.

4. Considering Plaintiff's claims of incident-related past medical expenses of over $86.000.00 (in addition to the treatment expenses that have not been disclosed to date), the type of injuries allegedly suffered, the medical procedures involved in treating them, and his claims of pain and suffering and physical impairment in the past and future, it is now clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Moreover, when one also considers Plaintiff's claims for damages in unspecified amounts for: (1) future medical expenses; and (2) loss of life's enjoyment in the past and future, it is apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Prior to October 4, 2013, Plaintiffs had not served Home Depot with any amended pleading, motion, order, or other paper from which it could be ascertained that Plaintiff was seeking more than the minimal jurisdictional limits of the Court. Accordingly, this notice is timely filed

within thirty (30) days of Home Depot's receipt of first notice that this Court has jurisdiction over the subject matter of this case as required by 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

6. Plaintiff is now and was at the time the lawsuit was commenced a citizen of the State of New Mexico.

7. Home Depot is not now and was not at the time the lawsuit was commenced a citizen of the State of New Mexico. Specifically, Home Depot is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Home Depot is and was, therefore, a citizen of the States of Delaware and Georgia.

## IMPROPER JOINDER

8. The other named Defendant, Nick Herrera, is a citizen of New Mexico. However, Plaintiff improperly joined Herrera to defeat diversity jurisdiction, as there is no possibility under New Mexico law that Plaintiff can establish of cause of action against Defendant Herrera. Plaintiff alleges that Herrera negligently maintained the premises and sales floors thereof, caused the dangerous premises condition that caused Plaintiff's injuries, and failed to remedy the condition in advance of the accident. However, on March 21, 2012, Herrera was not even employed at the Home Depot store at which the accident is alleged to have occurred. *See* Declaration of N. Herrera at ¶ 2, attached hereto as Exhibit "C." Also, even if he were employed there, simply as a manager or employee, there would still be no possibility under New Mexico law that Plaintiff can establish of cause of action against him. *See Monsanto v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000), *quoting Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406 (10th Cir. 1958) (applying New Mexico common law in determining that the store manager and department manager were fraudulently joined solely to defeat diversity). As a

3

result, his citizenship is ignored in assessing whether diversity jurisdiction exists.

9. Under New Mexico law, the ***owner or occupier*** of the premises has a duty to visitors of reasonable care to prevent or correct dangerous conditions on the premises. *See Bober v. New Mexico State Fair*, 808 P.2d 614 (N.M. 1991). Here, Nick Herrera was not a premises owner or occupier of the Home Depot store at the time Plaintiff's cause of action accrued, and Plaintiff does not claim that Herrera was a premises owner or occupier. Exhibit "C" at ¶ 3.

10. Under Plaintiff's general negligence cause of action, Herrera is not liable because he did not engage in any specific act constituting an affirmative participation in the alleged tortious act that resulted in Plaintiff's injury. *See Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406 (10th Cir. 1958)(applying New Mexico common law in determining that the store manager was fraudulently joined solely to defeat diversity).

11. In *Lobato*, the plaintiff sued Pay Less Drug Stores, Inc., along with its president, store manager, and department manager, for personal injuries arising from the sale of a defective bicycle. The plaintiff alleged that the defendants assembled the bicycle in a negligent manner, and that the defendants negligently failed to examine, test, and inspect the bicycle before it was sold to plaintiff.

12. Defendants removed the case based on diversity of jurisdiction and alleged that the president, store manager, and department manager, had been fraudulently joined for the purpose of defeating diversity. The 10th Circuit upheld the removal and held that "the complaint failed to charge in ***specific*** terms any ***specific*** acts on the part of the individual defendants which constituted ***affirmative*** direction, sanction, participation, or cooperation in the alleged tortious act of the corporate defendant in selling to plaintiff a defective bicycle. (Emphasis added)." The Court noted that the defendants did not have anything to do with the assembly and sale of the bicycle, and the

Court held that the plaintiff had failed to state a viable cause of action against any of the individual defendants.

13. Similar to the defendants in *Lobato*, Herrera did not engage in any specific act constituting an affirmative participation in the alleged tortious act that resulted in Plaintiff's injury. Moreover, Herrera did not direct or supervise the activities of any Home Depot employees in the aisle where Plaintiff claims he was injured at the time of the incident made the basis of this suit or during the time just beforehand. Exhibit "C" at ¶ 2. Indeed, Herrera did not even work at the store in question on the date of the alleged incident, so he could not have created the condition there that allegedly caused Plaintiff's incident. *Id.* ¶ 2.

14. Because there is no possibility that Plaintiff can establish a viable cause of action against Defendant Herrera in New Mexico State Court, Herrera's citizenship should be ignored for purposes of diversity jurisdiction.

15. Consequently, the district courts of the United States have original jurisdiction over this action based on completely diversity of citizenship amongst and between the parties, in that Plaintiffs, on the one hand, and Home Depot, on the other hand, are now, and were at the time this action commenced, diverse in citizenship from each other.

16. The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs. Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, as it is a civil action wholly between citizens of different states, and, the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

17. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district embracing the place where the State Court Action is pending.

18. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Bernalillo County, New Mexico, where the action was previously pending.

19. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *Spencer Viola vs. Home Depot USA, Inc. and Nick Herrera;* Case No. D-202-CV-2013-06830, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

SIMONE, ROBERTS & WEISS, P.A.

/s/ Meena H. Allen
MEENA H. ALLEN
11200 Lomas Blvd., N.E., Ste. 210
Albuquerque, NM 87112
(505) 298-9400
ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Raynard Struck
Medrano, Hess & Struck
20 First Plaza Center, NW, Suite 600N
Albuquerque, NM  87102

/s_____
Meena H. Allen