IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

SPENCER VIOLA,

    Plaintiff,

v.                                                          No. Civ. 13-1004 LH/SCY

HOME DEPOT U.S.A., INC.,
and NICK D. HERRERA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff Spencer Viola's Motion to Remand and Memorandum in Support Thereof. (ECF No. 3) Having reviewed Plaintiff's motion, the notice of removal and supporting documentation, and the applicable law, the Court determines that Defendant Home Depot U.S.A., Inc. ("Home Depot") has failed to submit correspondence between the parties that allegedly supports the jurisdictional facts set forth in Home Depot's notice of removal. Accordingly, the Court will allow Home Depot to amend its notice of removal by filing the October 4, 2013 letter sent by Plaintiff's counsel to Home Depot. The amendment shall be filed no later than August 29, 2014.

**I. BACKGROUND**

    On August 22, 2013, Plaintiff filed suit in the Second Judicial District Court for the State of New Mexico against Defendants Home Depot and Nick D. Herrera. (ECF No. 1-2, Ex. B-2) Plaintiff alleged in his complaint that he tripped on a display and fell violently to the floor, thereby sustaining serious injuries, while shopping at a Home Depot store in Albuquerque, New

1

Mexico. (*Id.*) Home Depot was served with Plaintiff's complaint on September 4, 2013, and Herrera was served on September 9, 2013.[1] (ECF No. 1-2, Ex. B-1)

On October 17, 2013, Home Depot removed the matter to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship. (ECF No. 1) In its notice of removal, Home Depot alleged that while Plaintiff's complaint failed to specify the amount of damages sought or the nature or severity of Plaintiff's injuries, Plaintiff's counsel sent Home Depot a letter on October 4, 2013 (hereinafter "October 4th letter"), that described the trip-and-fall incident, summarized Plaintiff's injuries, and further indicated that Plaintiff had incurred $86,550.94 in past medical expenses. (*Id.* at 1-2) Home Depot contended that the October 4th letter was the first paper in this matter from which it could ascertain that the amount in controversy exceeds $75,000. (*Id.* at 2) Home Depot asserted that it timely filed its notice of removal within thirty days of receiving the October 4th letter. (*Id.*)

Home Depot also asserted in its notice of removal that its citizenship is diverse from that of Plaintiff because Plaintiff is a citizen of New Mexico and Home Depot is a corporation incorporated in Delaware with its principal place of business in Atlanta, Georgia. (*Id.* at 3) Although Home Depot acknowledged that Defendant Herrera, like Plaintiff, is a citizen of New Mexico, Home Depot contended that Plaintiff improperly and fraudulently joined Herrera to defeat diversity jurisdiction. (*Id.*) In support of this position, Home Depot submitted a declaration from Herrera wherein he stated that while he is currently the store manager of the Home Depot store where Plaintiff was injured, he was not employed by that particular store in any capacity on the date that Plaintiff incurred his injuries. (ECF No. 1-3, Ex. C)

---

[1] Although the Second Judicial District Court's docket sheet does not specify which Defendant was served on each of these dates (ECF No. 1-2, Ex. B-1), the parties agree that Home Depot was served with Plaintiff's complaint on September 4, 2013. (*See* Home Depot's Notice of Removal, ECF No. 1 at 1; *see also* Pl.'s Mot. Remand, ECF No. 3 at 1)

On November 15, 2013, Plaintiff filed a motion to remand (ECF No. 3), asserting procedural defects in Home Depot's notice of removal (*Id.* at 7-11), and further arguing that the Court lacks diversity jurisdiction in this matter because Plaintiff has viable claims against Defendant Herrera. (*Id.* at 3-7)

## II. LEGAL STANDARD

An action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). As the party invoking the Court's jurisdiction in this case, Home Depot "bear[s] the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). There is a presumption against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see also Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (unpublished) (explaining that "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record.").

## III. ANALYSIS

Plaintiff raises a number of procedural and substantive arguments in favor of remand in his motion. Based on the Court's review of the record, the Court's analysis at this juncture focuses on: (1) Plaintiff's argument that Home Depot's notice of removal is procedurally

defective because it was not timely filed, and (2) whether Home Depot has established the amount in controversy requirement for diversity citizenship.

**1.   Timeliness of Home Depot's Notice of Removal**

The timing requirements for the filing of notices of removal are set forth in 28 U.S.C. § 1446(b).  Specifically, the statute provides in relevant part that: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ."  28 U.S.C. § 1446(b)(1).  If a case is not removable based on the initial pleading, the statute provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  However, a case may not be removed under 28 U.S.C. § 1446(b)(3) on the basis of diversity of citizenship more than one year after commencement of the action.  28 U.S.C. § 1446(c).

The Tenth Circuit has explained that "[u]nder § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts."  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).  Thus, for the thirty day removal period to begin to run, the Court "requires clear and unequivocal notice from the [initial] pleading itself."  *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).  The Tenth Circuit has stated that there is no affirmative duty on the defendant to investigate the possibility of removal "where the initial pleading indicates that the right to removal *may* exist," holding instead that the "date from which the clock begins to run is when the defendant is able to intelligently ascertain

removability." *Id.* Thus, if an initial pleading is "ambiguous in that it did not provide unequivocal notice of the right to remove," the thirty day period for removability does not begin until the defendant receives clear and unequivocal notice of the right to remove, *id.* at 1035, from "an amended pleading, motion, order or other paper," 28 U.S.C. § 1446(b)(3).

Plaintiff asserts that Home Depot's notice of removal is untimely because it was not filed within thirty days of service of Plaintiff's complaint. (Pl.'s Mot. Remand, ECF No. 3 at 9-11) Plaintiff filed his complaint in state court on August 22, 2013. (ECF No. 1-2, Ex. B-2) Home Depot was served with Plaintiff's complaint on September 4, 2013, and Herrera was served on September 9, 2013. (ECF No. 1-2, Ex. B-1) Home Depot removed the action to this Court more than thirty days later, on October 17, 2013. (ECF No. 1) By arguing that the 30-day period for removability began to run on the date of service of his complaint, Plaintiff necessarily takes the position that Home Depot could intelligently ascertain that the case was removable based on the allegations in the complaint. In its notice of removal and in its response to Plaintiff's motion for remand, Home Depot asserts that it could not discern the amount in controversy from the complaint, and therefore, the thirty day period for removability did not begin to run until it received the October 4th letter. (ECF No. 1 at 2; Home Depot's Resp., ECF No. 9 at 2, 7-10) Home Depot contends that the October 4th letter was the first "other paper" in this matter from which it could ascertain that the amount in controversy exceeds $75,000. (*Id.*) Home Depot filed its notice of removal within thirty days of receiving the October 4th letter. (*Id.*)

Upon review of Plaintiff's complaint, the Court concludes that Home Depot could not have intelligently ascertained that the case was removable based on the contents of the complaint. Consistent with New Mexico pleading rules, Plaintiff's complaint did not set forth a specific amount in controversy. *See* N.M.R.A. 1-008(A)(3) (stating that a "complaint shall not

5

contain an allegation for damages in any specific monetary amount" unless it is a necessary allegation of the complaint).  In addition, the substantive allegations and claims set forth in Plaintiff's complaint were insufficient to give Home Depot clear and unequivocal notice of the right to remove on the basis of diversity of citizenship.  Although Plaintiff stated in his complaint that he has suffered "severe injuries" as a result of the trip and fall incident and that the injuries resulted in medical treatment, Plaintiff did not describe the nature of the medical injuries or the extent of medical treatment that resulted from the trip and fall incident.  (ECF No. 1-2, ¶¶ 5-6)  Moreover, while the complaint sought damages for past medical losses, physical and mental pain and suffering as well as future losses including incidental and consequential damages, *id.* at 5-6, Plaintiff did not set forth any facts that would give clear and unequivocal notice to Home Depot that the damages sought would exceed $75,000.  Thus, the Court determines that the thirty day period for removability did not begin to run upon receipt of Plaintiff's complaint.

Home Depot asserts that the case became removable once it received the October 4th letter from Plaintiff's counsel.  However, Home Depot failed to place the October 4th letter in the record before this Court, either by submitting the letter with its notice of removal or by attaching the letter to its response to Plaintiff's motion for remand.  Without the benefit of having the letter in the record, the Court is unable to independently determine whether Home Depot correctly asserts that the letter was received on October 4, 2013, and that the letter specified that the amount in controversy was at least $86,550.94.  In other words, the Court is unable to rely solely on Home Depot's representation, without supporting documentation, that the contents of the letter rendered the case removable and that Home Depot filed its notice of removal within thirty days of receiving the letter.

## 2. Amount in Controversy

In addition, the lack of the October 4th letter in the record prevents Home Depot from affirmatively establishing that the amount in controversy in this matter exceeds $75,000. As noted earlier, Home Depot asserted in its notice of removal that the October 4th letter was the first paper in this matter from which it could ascertain that the amount in controversy exceeds $75,000. Although Plaintiff has not raised any argument concerning the amount in controversy in his motion for remand,[2] the Court nevertheless has an obligation to determine whether the jurisdictional facts supporting diversity jurisdiction have been established. *See Huffman*, 194 F.3d at 1079 n. 4 (noting that "the parties cannot 'concede' jurisdiction by agreeing that the jurisdictional amount requirement has been satisfied" and that "[t]he court's obligation to determine the presence of the appropriate amount in controversy is independent of the parties' stipulations.").

The Tenth Circuit Court of Appeals has clearly indicated that a defendant seeking removal "must prove facts in support of the amount in controversy by a *preponderance of the evidence*." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (emphasis added). In cases like this where the matter is not removable based on the contents of the initial pleading, "the defendant[] must show how much is in controversy through other means. *Id.* at 955. "Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or *other evidence submitted in federal court afterward*." *Id.* at 956 (emphasis added); *see id.* at 957 (holding that diversity jurisdiction was established where the removing

---

[2] The Court also notes that Plaintiff makes no reference to the October 4th letter in his motion for remand, despite the fact that Home Depot relied on the contents of the letter in its notice of removal to assert that the notice was timely filed and that the amount in controversy exceeds $75,000.

7

party submitted correspondence from plaintiff's counsel with its notice of removal showing that the amount in controversy was in excess of $75,000); *see also Warner v. CitiMortgage, Inc.*, 533 F. App'x 813, 816 (2013) (unpublished) (removal to federal court was proper where the defendant attached a copy of a mortgage note to the notice of removal, thereby establishing by a preponderance of the evidence that the value of the property at-issue exceeded $75,000). Thus, the Court is unable to determine that the amount in controversy exceeds $75,000 in this matter without reviewing the contents of October 4th letter.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that the lack of the October 4th letter in the record precludes the Court from ascertaining whether Home Depot's notice of removal was timely filed and whether the amount in controversy exceeds $75,000. The Court will therefore permit Home Depot to amend its notice of removal by filing the October 4th letter. *See* 28 U.S.C. § 1653 (providing that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"); *see also* 14 C. Wright & A. Miller, *Federal Practice and Procedure* § 3733, at 651-659 (4th ed. 2009) (stating that "a]n amendment of the removal notice may seek to accomplish any of several objectives . . . [including to] correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount") (footnotes omitted); *see also Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1136 (D.N.M. 2014) (summarizing Tenth Circuit authority permitting amendment of defective allegations of diversity or federal-question jurisdiction).

**IT IS THEREFORE ORDERED** that Home Depot is granted leave until August 29, 2014, to amend its notice of removal by filing the October 4, 2013, letter in the record. Failure

to file the letter no later than August 29, 2014, will result in the Court granting Plaintiff's motion for remand.

_____
SENIOR UNITED STATES DISTRICT JUDGE