IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


SPENCER VIOLA,

    Plaintiff,

v.                                                           No. Civ. 13-1004 LH/SCY

HOME DEPOT U.S.A., INC.,
and NICK D. HERRERA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Plaintiff Spencer Viola's Motion to Remand and Memorandum in Support Thereof. (ECF No. 3) The Court, having considered Plaintiff's motion, the amended notice of removal, and the applicable law, concludes that Defendant Home Depot U.S.A., Inc. ("Home Depot") has established that the Court has jurisdiction in this case because the amount in controversy exceeds $75,000 and there is diversity of citizenship between Home Depot and Plaintiff. The Court further finds that Defendant Nick Herrera ("Herrera") was fraudulently joined by Plaintiff for the purpose of defeating diversity jurisdiction. Accordingly, Herrera is dismissed from this case without prejudice and Plaintiff's motion to remand is **DENIED**.

**I. BACKGROUND**

    On August 22, 2013, Plaintiff filed suit in the Second Judicial District Court for the State of New Mexico against Defendants Home Depot and Herrera. (ECF No. 12-2, Ex. B-2) Plaintiff alleged in his complaint that he tripped on a display and fell violently to the floor, thereby sustaining serious injuries, while shopping at a Home Depot store in Albuquerque, New Mexico.

1

(*Id.*) Home Depot was served with Plaintiff's complaint on September 4, 2013, and Herrera was served on September 9, 2013.[1] (ECF No. 12-2, Ex. B-1)

On October 17, 2013, Home Depot removed the matter to this Court. (ECF No. 1) On August 20, 2014, the Court issued a memorandum opinion and order granting Home Depot leave to amend its notice of removal to include letter correspondence between the parties that was not submitted with the initial notice of removal. (ECF No. 11) Home Depot filed its amended notice of removal on August 21, 2014. (ECF No. 12) Aside from the submission of the letter correspondence, the initial notice and amended notice of removal are identical. The Court will therefore cite to the amended notice of removal and attached exhibits for purposes of its ruling on Plaintiff's motion to remand.

In its amended notice of removal, Home Depot asserts federal subject matter jurisdiction on the basis of diversity of citizenship. (ECF No. 12) Home Depot alleges that while Plaintiff's complaint failed to specify the amount of damages sought or the nature or severity of Plaintiff's injuries, Plaintiff's counsel sent Home Depot a letter on October 4, 2013 (hereinafter "October 4th letter"), that described the trip-and-fall incident, summarized Plaintiff's injuries, and further indicated that Plaintiff had incurred $86,550.94 in past medical expenses. (*Id.* at 2-3) Home Depot contends that the October 4th letter was the first paper in this matter from which it could ascertain that the amount in controversy exceeds $75,000. (*Id.* at 3) Home Depot asserts that it timely filed its notice of removal within thirty days of receiving the October 4th letter. (*Id.*)

---

[1] Although the Second Judicial District Court's docket sheet does not specify which Defendant was served on each of these dates (ECF No. 12-2, Ex. B-1), the parties agree that Home Depot was served with Plaintiff's complaint on September 4, 2013. (*See* Home Depot's Notice of Removal, ECF No. 12 at 2; *see also* Pl.'s Mot. Remand, ECF No. 3 at 1)

Home Depot also asserts in its amended notice of removal that its citizenship is diverse from that of Plaintiff because Plaintiff is a citizen of New Mexico and Home Depot is a corporation incorporated in Delaware with its principal place of business in Atlanta, Georgia. (*Id.* at 3)  Although Home Depot acknowledges that Defendant Herrera, like Plaintiff, is a citizen of New Mexico, Home Depot contends that Plaintiff improperly and fraudulently joined Herrera to defeat diversity jurisdiction. (*Id.* at 3-4) In support of this position, Home Depot submitted a declaration from Herrera wherein he stated that while he is currently the store manager of the Home Depot store where Plaintiff was injured, he was not employed by that particular store in any capacity on the date that Plaintiff incurred his injuries. (ECF No. 12-3, Ex. C)

On November 15, 2013, Plaintiff filed a motion to remand (ECF No. 3), asserting procedural defects in Home Depot's notice of removal (*Id.* at 7-11), and further arguing that the Court lacks diversity jurisdiction in this matter because Plaintiff has viable claims against Herrera. (*Id.* at 3-7) As the Court stated earlier, it issued an earlier memorandum opinion and order in this matter on Plaintiff's motion to remand; that opinion addressed two issues: (1) the timeliness of Home Depot's notice of removal and (2) the alleged amount in controversy. (*See* ECF No. 11) The Court was, however, unable to rule on these issues due to Home Depot's failure to attach the October 4th letter to its notice of removal. Home Depot has amended its notice of removal to include the October 4th letter, and therefore, the Court's analysis below addresses all arguments raised by Plaintiff in his motion to remand.

## II.  LEGAL STANDARD

An action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are

diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). As the party invoking the Court's jurisdiction in this case, Home Depot "bear[s] the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). There is a presumption against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see also Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (unpublished) (explaining that "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record.").

## III. ANALYSIS

Plaintiff raises a number of procedural and substantive arguments in favor of remand in his motion. The Court will address each argument in turn below.

### 1. Timeliness of Home Depot's Notice of Removal

Plaintiff asserts that Home Depot's notice of removal is untimely because it was not filed within thirty days of service of Plaintiff's complaint. (Pl.'s Mot. Remand, ECF No. 3 at 9-11) The relevant law on timeliness of notices of removal was set forth in the Court's earlier memorandum opinion and order on Plaintiff's motion to remand. (*See* ECF No. 11 at 4-5).

Plaintiff filed his complaint in state court on August 22, 2013. (ECF No. 12-2, Ex. B-2) Home Depot was served with Plaintiff's complaint on September 4, 2013, and Herrera was served on September 9, 2013. (ECF No. 12-2, Ex. B-1) Home Depot removed the action to this Court more than thirty days later, on October 17, 2013. (ECF No. 12) In its notice of removal

and in its response to Plaintiff's motion for remand, Home Depot asserts that it could not discern the amount in controversy from the complaint, and therefore, the thirty day period for removability did not begin to run until it received the October 4th letter. (ECF No. 12 at 2-3; Home Depot's Resp., ECF No. 9 at 2, 7-10) Home Depot contends that the October 4th letter was the first "other paper"[2] in this matter from which it could ascertain that the amount in controversy exceeds $75,000. (*Id.*) Home Depot filed its notice of removal within thirty days of receiving the October 4th letter. (*Id.*)

The Court decided in its earlier memorandum opinion and order that Home Depot could not have intelligently ascertained that the case was removable based on the contents of the complaint. (ECF No. 11 at 5-6) Therefore, the thirty day period for removability did not begin to run upon receipt of Plaintiff's complaint. (*Id.*) However, the Court concludes that this case became removable based on the contents of the October 4th letter sent by Plaintiff's counsel to Home Depot. The letter provided the underlying facts surrounding the trip-and-fall incident, listed Plaintiff's medical injuries, and expressly stated that the amount of medical expenses was $86,550.94. (ECF No. 12-4, Ex. D) The Court finds that the October 4th letter constitutes an "other paper" under 28 U.S.C. § 1446(b)(3) from which Home Depot first received clear and unequivocal notice that the case was removable on the basis of diversity jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (indicating that "documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal"); *see also Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (letter from opposing counsel identifying amount in controversy was notice of

---

[2] *See* 28 U.S.C. 1446(b)(3) (stating that if a case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable" (emphasis added)).

removal eligibility); *see also* 16 *Moore's Federal Practice*, § 107.30[3][e] (Matthew Bender 3d Ed.) (stating that "correspondence between parties, such as a statement of damages letter identifying the damages and losses suffered by the plaintiff, constitutes 'other paper' that may be considered in determining the amount in controversy for purposes of removal").

Accordingly, because Home Depot's notice of removal was filed within 30 days of receipt of the October 4th letter, the Court concludes that the notice of removal was timely filed.

**2. Diversity Jurisdiction**

    **a. Diversity of Citizenship**

Plaintiff's primary argument in his motion to remand is that diversity of citizenship does not exist in this case, because one of the named Defendants, Herrera, is a citizen of the same state as Plaintiff. (Pl.'s Mot. Remand, ECF No. 3 at 4-8) "In order to invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties. . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). While Home Depot does not dispute that Plaintiff and Herrera are both citizens of New Mexico, it contends that the case is nevertheless removable because Herrera was fraudulently joined in this action by Plaintiff in an attempt to defeat diversity jurisdiction. (Home Depot's Resp., ECF No. 9 at 3-7)

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988. In this case, Home Depot relies on the second prong of the fraudulent joinder test, arguing that Plaintiff is unable to establish a cause of action against Herrera in state court. (Home Depot's Resp., ECF No. 9 at 3-7) "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all

factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988. (internal citation omitted). The Tenth Circuit has described the defendant's burden to prove fraudulent joinder as follows:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined non-diverse party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. 2000) (unpublished)[3] (emphasis added and internal citation omitted). Remand to state court is required if any one of the claims against the non-diverse defendant, here Herrera, is "possibly viable." *Id.* at *2.

In this case, Plaintiff has asserted negligence and negligent entrustment claims against Herrera. (Pl's Compl., ECF No. 12-2 Ex. B-2 at 3-5) Plaintiff's complaint identifies Herrera as the store manager of the Home Depot location at which the trip-and-fall incident occurred. (*Id.* at 1) In the negligence cause of action set forth in Count II, Plaintiff alleges that Herrera owed "a duty of exercising reasonable care in the operation and maintenance of [Home Depot's] sales floor and equipment" and that he: (1) negligently maintained the premises and the sales floors, thereby creating a dangerous condition; (2) negligently failed to inspect the premises for dangerous conditions; (3) negligently failed to warn Plaintiff of dangerous conditions; (4) violated his duties of care, including negligently selecting and training employees. (*Id.* at 3-4) In Count III asserting a negligent entrustment cause of action, Plaintiff alleges that Herrera

---

[3] The Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").

"negligently entrusted duties to under trained employees" and "assigned duties to employees for daily tasks and upkeep of the store which makes him liable for damages caused." (*Id.* at 5)

Under New Mexico law, although officers or employees of corporations can be held personally liable when they commit intentional torts, *Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶ 12, 117 N.M. 434, 872 P.2d 852, they are not liable for the corporation's torts merely by virtue of the position they hold. *Stinson v. Berry*, 1997-NMCA-076, ¶ 17, 123 N.M. 482, 943 P.2d 129. Rather, they are liable only if they "directed, controlled, approved, or ratified the activity that led to the injury." *Id.; see also Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958) (observing that under New Mexico law, "[s]pecific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation"). Thus, an agent or employee's liability for dangerous conditions on premises he occupies is "directly related to actual control over the premises." *Klopp v. Wackenhut Corp.*, 1992-NMSC-008, ¶ 23, 113 N.M. 153, 824 P.2d 293.

In its notice of removal and response to Plaintiff's motion to remand, Home Depot argues that Plaintiff cannot establish a viable cause of action against Herrera for negligence or negligent entrustment under New Mexico law because Herrera was **not** employed by the particular Home Depot store location on the date that the trip and fall incident occurred. Herrera has submitted a declaration to this effect. (ECF No. 12-3, Ex. C) Therein, he states that while he is currently the manager of the Home Depot store at which Plaintiff was injured, he was not employed in any capacity by that store on March 21, 2012, the date that Plaintiff was injured, and thus, he did not have any job responsibilities at that store. (*Id.*) He further states that since he did not work for

that Home Depot store on the date Plaintiff was injured, he did not witness the event nor did he direct or supervise any of the Home Depot employees at that store. (*Id.*)

The Court finds that Herrera's declaration establishes that there is no possibility of recovery against Herrera on Plaintiff's negligence or negligent entrustment claims. Plaintiff has not set forth any evidence disputing Herrera's declaration or pointed to other facts that would establish that Herrera caused any of the harm of which Plaintiff complains. The undisputed evidence is that Herrera was not employed by the Home Depot store on the date that Plaintiff was injured and did not supervise or direct any activities of the employees of that store at that time. Herrera did not personally cause, or fail to remediate, the alleged dangerous condition that resulted in Plaintiff's injuries. Moreover, Herrera did not owe a duty to Plaintiff on behalf of Home Depot because he was not an agent of Home Depot on the date that the injury occurred and had no control over the store premises that Plaintiff was injured at. Accordingly, the Court concludes that Plaintiff has not stated any viable claims against Herrera and that he was fraudulently joined in this action for purposes of defeating diversity jurisdiction.[4] *See Smoot v. Chicago, Rock Island and Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967) (holding that non-diverse defendant was fraudulently joined where the uncontradicted evidence established that he had discontinued his employment with railroad company fifteen months prior to fatal automobile collision at railroad crossing and was not connected in any way to the acts of

---

[4] Having concluded that Herrera was fraudulently joined in this action, Plaintiff's argument that the notice of removal is procedurally defective because it was not signed or consented to by Herrera is likewise without merit. (Pl.'s Mot. Remand, ECF No. 3 at 8-9) The consent of fraudulently joined parties to the removal notice is not required. *See* 16 Moore's Federal Practice, § 107.11[1][d] (stating that "defendants who were improperly or fraudulently joined to prevent removal need not join in the removal notice"); *see also Balizik v. County of Dauphlin*, 44 F.3d 209, 213 n. 4 (3rd Cir. 1995) (noting that the unanimity requirements regarding consent to removal may be waived where the party that fails to consent has been improperly or fraudulently joined).

negligence ascribed to him); *see also Lobato*, 261 F.2d at 409 (holding that non-diverse defendants were fraudulently joined where their uncontroverted affidavits established that "they did not personally have anything to do with the assembly and sale" of a defective bicycle that collapsed and caused plaintiff's injuries).

As a final matter, Plaintiff argues that even if a valid claim cannot be brought against Herrera, Plaintiff has alleged actionable theories of negligence against the unknown manager of the store on the date in question. (Pl.'s Mot. Remand, ECF No. 3 at 6-7) However, the citizenship of unnamed, fictitious or "Doe" defendants is disregarded when considering the propriety of removal. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see also McPhail*, 529 F.3d at 951.

Because Herrera has been fraudulently joined in this action, the Court will dismiss him from the case without prejudice. *See Brazell v. Waite*, 525 F. A'ppx 878, 884 (10th Cir. 2013) (unpublished) (indicating that dismissal without prejudice of fraudulently joined party is appropriate once court determines that the party was fraudulently joined with respect to all claims); *Anderson v. Lehman Brothers Bank, FSB*, 528 F. A'ppx 793, 796 (10th Cir. 2013) (unpublished) (same). The Court concludes that there is complete diversity of citizenship between Plaintiff and Home Depot, the sole remaining Defendant in this lawsuit.

### b. Amount in Controversy

Although Plaintiff has not raised any argument concerning the amount in controversy in his motion for remand, the Court nevertheless has an obligation to determine whether the jurisdictional facts supporting diversity jurisdiction have been established. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 n.4 (10th Cir. 1999) (noting that "the parties cannot 'concede' jurisdiction by agreeing that the jurisdictional amount requirement has been satisfied"

and that "[t]he court's obligation to determine the presence of the appropriate amount in controversy is independent of the parties' stipulations.").

The Tenth Circuit Court of Appeals has clearly indicated that a defendant seeking removal "must prove facts in support of the amount in controversy by a *preponderance of the evidence*." *McPhail*, 529 F.3d at 953 (emphasis added).  In cases like this where the matter is not removable based on the contents of the initial pleading, "the defendant[] must show how much is in controversy through other means. *Id.* at 955. "Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *Id.* at 956.

The Court determines that the October 4th letter, which states that Plaintiff's medical expenses total $86,550.94, establishes that the amount in controversy exceeds the jurisdictional amount. *See McPhail*, 529 F.3d at 957 (holding that diversity jurisdiction was established where the removing party submitted correspondence from plaintiff's counsel with its notice of removal showing that the amount in controversy was in excess of $75,000); *see also Warner v. CitiMortgage, Inc.*, 533 F. App'x 813, 816 (2013) (unpublished) (removal to federal court was proper where the defendant attached a copy of a mortgage note to the notice of removal, thereby establishing by a preponderance of the evidence that the value of the property at-issue exceeded $75,000).

## IV. CONCLUSION

The Court concludes that Home Depot has met its burden of establishing that the Court has original subject matter jurisdiction in this matter on the basis of diversity jurisdiction. The

Court also determines that Herrera was fraudulently joined in this lawsuit and therefore, Herrera is dismissed without prejudice from this case.

Based on the foregoing, Plaintiff's motion to remand (ECF No. 3) is **DENIED**.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE